**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X    **06 CV 0300 (NG) (JMA)**
**CARLOS E. BRATHWAITE,**

        **Plaintiff,**

                                            **ORDER**

    **- against -**

**SECURITIES INDUSTRY AUTOMATION**
**CORPORATION, NEW YORK STOCK**
**EXCHANGE, AMERICAN STOCK EXCHANGE,**
**MICHAEL LAMBERG, JOSEPH PATTI, and**
**JOHN DOES 1-10 representing unidentified**
**information technology line managers and**
**supervisors of SECURITIES INDUSTRY**
**AUTOMATION CORPORATION,**

        **Defendants.**
-------------------------------------------------------------------X
**GERSHON, United States District Judge:**

From December 2000 to October 2004, plaintiff Carlos E. Brathwaite was employed by

defendant Securities Industry Automation Corporation ("SIAC"), a corporate subsidiary of

defendants American Stock Exchange LLC ("AMEX") and New York Stock Exchange ("NYSE").

On September 13, 2004, plaintiff filed a charge with the Equal Employment Opportunity

Commission ("EEOC") alleging that SIAC discriminated against him on the basis of his race and

national origin.  The charge did not name AMEX or NYSE as respondents.  On January 10, 2006,

the EEOC issued a right to sue letter to plaintiff.  By complaint dated January 23, 2006, plaintiff

commenced the instant lawsuit alleging employment discrimination on the basis of race and national

origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; the

New York State Human Rights Law, N.Y. Exec. Law §§ 290-301; the New York City Human Rights

Law, N.Y. City Admin. Code §§ 8-101-8-131; and Section 1981 of the Civil Rights Act of 1866, 42

U.S.C. § 1981.  Plaintiff also asserts state law tort claims.

AMEX now moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). AMEX argues that it is not part of an integrated enterprise with SIAC as defined in *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235 (2d Cir. 1995), and that it does not have an identity of interests with SIAC as defined in *Johnson v. Palma*, 931 F.2d 203 (2d Cir. 1991); as a result, AMEX contends that it cannot be held liable for the alleged employment discrimination by SIAC. In its moving papers, AMEX relies on facts outside the complaint, including an affidavit by the Senior Vice President of Human Resources at AMEX that describes the distinctions in operation and management among AMEX and SIAC.

If, on a motion to dismiss pursuant to Rule 12(b)(6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rue 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). Accordingly, the court shall treat AMEX's motion to dismiss as a motion for summary judgment. AMEX is directed to submit any additional materials pertinent to its motion, including the statement required by Local Rule 56.1, by April 28, 2006. Plaintiff is directed to submit any additional materials pertinent to his opposition, including the statement required by Local Rule 56.1, by May 29, 2006. Any party that requires additional time for discovery concerning the limited issues raised in AMEX's motion is directed to make an application to Magistrate Judge Azrack, who is authorized to amend this schedule.

**SO ORDERED.**

_____/S/_____

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
         April 18, 2006

2